IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT

2013 JAN 18 AM 9: 57

CLERK OF COURT
BY:_____

| | |
|---|---|
| PEOPLE OF GUAM, | ) Criminal Case No. CF0097-12 |
| | ) |
| | ) |
| | ) |
| | ) DECISION AND ORDER: People's |
| | ) Motion to Permit Live Video-Testimony of |
| vs. | ) Witness |
| | ) |
| | ) |
| | ) |
| NICHOLAS FAUSTO CAMADDU, | ) |
| Defendant. | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on January 15, 2013, for a hearing on the People of Guam's ("the People") Motion to Permit Live Video-Testimony of Witness. Assistant Attorney General Elizabeth S. Vasiliades represented the People. Assistant Alternate Public Defender John P. Morrison represented Nicholas Fausto Camaddu ("Defendant"). Following the hearing, the Court took the matter under advisement. Upon review of the evidence, written arguments, observation and questioning of the child witness, and legal authorities presented by both parties, the Court hereby issues this Decision and Order.

## BACKGROUND

Defendant was indicted by a Superior Court of Guam Grand Jury on February 17, 2012. The indictment charges out the following: (1) First Degree Criminal Sexual Conduct (as a 1st Degree Felony) and (2) Second Degree Criminal Sexual Conduct (as a 1st Degree Felony). Indictment (Feb. 17, 2012). On February 22, 2012, Defendant appeared for an arraignment and entered a plea of not guilty. Defendant requested a jury trial of twelve pursuant to 8 GCA §

85.15 and waived his right to a speedy trial at that time. Super. Ct. of Guam Minute Entry Log No. 11632 (Feb. 22, 2012).

On December 10, 2012, Defendant asserted his right to a speedy trial. Criminal Case No. 97-12 Assertion of Speedy Trial (Dec. 10, 2012). On December 12, 2012, the Court heard oral arguments on the People's Motion to Permit Live Video-Testimony of Witness. The Court then scheduled a further proceedings in order to observe and question the child victim pursuant to GRE 804.1(c)(1) on January 15, 2013.

## DISCUSSION

The People move this Court to permit video testimony from a child witness based on "her inability to be physically present in Guam from the jury trial and pursuant to 6 GCA § 804.1." People's Mot. to Permit Live Video-Testimony of Witness (Dec. 10, 2012).

Defendant opposes the People's Motion to Permit Live Video Testimony of Witness. Defendant argues that "[t]he Confrontation Clauses of the U.S. Constitution and the Organic Act of Guam establish his right to confront his accusers and the Government's request would run roughshod over these sacred, and basic, rights." Def.'s Opp'n Mot. (Dec. 11, 2012). Defendant further contends that the Government's motion is untimely and should be denied. In addition, Defendant contends that "[i]t is neither reasonable to think that a child-witness would be competent to testify on very detailed matters at such a late hour or that a video conferencing service would be open at that hour to accommodate the Court's needs." *Id.* Lastly, Defendant argues that GRE 804.1(f) prohibits two-way closed circuit television. *Id.*

Guam Rules of Evidence 804.1 provides, in part, as follows:

**Rule 804.1. Protection of Child Witnesses.**
(a) **Conditions.** In a case of physical, sexual or mental abuse of a child as defined in Guam law, a court may order that the testimony of a child victim be taken outside

the courtroom and shown in the courtroom by means of a closed-circuit television if:

(1) The testimony is taken during the proceeding; and

(2) The judge determines that testimony by the child victim in the defendant's presence will result in the child suffering serious emotional distress *such that the child cannot reasonably communicate.*

**(b) Location of certain persons; questions of child.**

(1) Only the following person may be in the room with the child when the child testifies by closed-circuit television:

    (i) The prosecuting attorney:

    (ii) The attorney for the defendant;

    (iii)The operators of the closed-circuit television; and

    (iv)Unless the defendant objects, any person whose presence, in the opinion of the court, contributes to the well-being of the child, including a person who has dealt with the child in a therapeutic setting concerning the abuse.

(2) During the child's testimony by closed-circuit television, the judge and the defendant shall be in the courtroom.

(3) The judge and the defendant shall be allowed to communicate with the persons in the room where the child is testifying by any appropriate method.

(4) Only the prosecuting attorney, the attorney for any defendant, and the judge may question the child.

**(c) Examination by judge.**

(1) In determining whether testimony by the child victim in the defendant's presence will result in the child suffering serious emotional distress such that the child cannot reasonably communicate, the judge may observe and question the child either inside or outside the courtroom and hear testimony of a parent or custodian of the child or any other person, including a person who has dealt with the child in a therapeutic setting.

    (i) Except as provided in subparagraph (ii) of this paragraph, any defendant, any defendant's attorney, and the prosecutor shall have the right to be present when the judge hears testimony on whether to allow a child victim to testify by closed circuit television.

    (ii) If the judge decides to observe or question the child in connection with the determination to allow closed-circuit television:

        1. Any defendant's attorney and the prosecutor shall have the right to be present; and

        2. The judge may not permit a defendant to be present.

GRE 804.1 (emphasis added).

"[The United States Supreme Court's] precedents establish that 'the Confrontation Clause reflects a preference for face-to-face confrontation at trial, a preference that must occasionally give way to considerations of public policy and the necessities of the case.'" *Maryland v.*

*Craig*, 497 U.S. 836, 849 (1990). "[T]hough we reaffirm the importance of face-to-face confrontation with witnesses appearing at trial, we cannot say that such confrontation is an indispensable element of the Sixth Amendment's guarantee of the right to confront one's accusers." *Id.* "That the face-to-face confrontation requirement is not absolute does not, of course, mean that it may easily be dispensed with." *Id.* at 850. As in the instant case, the critical inquiry, "therefore, is whether use of the procedure is necessary to further an important state [or Territory's] interest." *Id.* at 852.

"The requisite finding of necessity must of course be a case-specific one[.]" *Id.* at 855. In justifying such a procedure, the *Craig* decision of the U.S. Supreme Court devised a three-prong test that must be satisfied to determine the necessity of such a special manner of testifying.

First, the trial court must hear evidence and determine whether use of the one-way closed circuit television procedure is necessary to protect the welfare of the particular child witness who seeks to testify. *Id.* The Court heard testimony from the child victim, (A.N.C.), her mother, Pamela Camaddu, and Rosalyn Reyes, social worker with Child Protective Services on January 15, 2013.

Second, [t]he trial court must also find that the child witness would be traumatized, not by the courtroom generally, but by the presence of the defendant." *Id.* at 856. A.N.C. testified that as a result of the underlying allegations made in the instant case, she was scared. A.N.C. further testified that she feared that the Defendant will "jump over the counter." She also said she now feels safe "every now and then." Rosalyn Reyes testified that the media coverage of this case also had an affect on A.N.C. She mentioned that A.N.C. was teased at school due to the media stories relative to the case.

A.N.C. is an honor student, excelling in all her subjects. The Court also recognizes that A.N.C. is very articulate and able to communicate effectively. Although she refuses to see the Defendant, A.N.C. indicated that she can take time off school if asked to come to Court. On the second prong, the Court finds that while A.N.C. has nightmares, "constantly checks the windows, and cries at night," it simply does not provide conclusive evidence that the child witness is traumatized to the point where she cannot effectively communicate, a critical factor provided in GRE 804.1(a)(2).

"Finally, the trial court must find that the emotional distress suffered by the child witness in the presence of the defendant is more than *de minimis, i.e.,* more than 'mere nervousness or excitement or some reluctance to testify.'" *Id.* With the case at bar, A.N.C. was never seen by a medical doctor nor has she been under any medication since the alleged offense was reported. The testimonies provided before the Court do not establish that the alleged victim would suffer more than "de minimis" trauma.

Based on the forgoing reasons, the Court DENIES the People's Motion to Permit Live Video-Testimony of Witness. The Court is still cognizant of the child's apprehension and fear and will consider the use of a comfort witness in accordance with 9 GCA §75.85 and other ways to minimize the child's distress during the trial.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court DENIES the People's Motion to Permit Live Video-Testimony of Witness.

**SO ORDERED** this _18_ day of JANUARY, 2013.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

JAN 1 8 2013

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam